IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

STATE OF ARKANSAS *ex rel.*
DUSTIN McDANIEL, Attorney General                                PLAINTIFF

v.                              Case No. 4:09-CV-960

MATT SEIBERT d/b/a MCS CREDIT
SERVICES, INC., CREDIT REPAIR
SERVICES and ARKANSAS CREDIT
EDUCATION                                                         DEFENDANT

---

**CONSENT JUDGMENT**

---

The State of Arkansas *ex rel.*, Dustin McDaniel, Attorney General, filed this action pursuant to the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.*, the Prohibition of Advance Fee Brokerage Act, ARK. CODE ANN. §§ 23-39-401, *et seq.*, and the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. §§ 4-88-101, *et seq.* The Attorney General and the Defendant have reached a settlement of this matter. The parties acknowledge that this Consent Judgment has been negotiated by the parties in good faith, and that this Decree is fair, reasonable, and in the public interest. Therefore, it is hereby ORDERED, ADJUDGED, and DECREED:

### I. Definitions

1.     Unless otherwise indicated, the terms used in this document shall match those definitions provided by the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.*, the Prohibition of Advance Fee Brokerage Act, ARK. CODE ANN. §§ 23-39-401, *et seq.*, and the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. §§ 4-88-101, *et seq.*

2. Unless otherwise indicated, any reference to "Defendant" includes Matt Seibert, d/b/a MCS Credit Services, Inc., Credit Repair Services, and Arkansas Credit Education.

## II. Jurisdiction

3. This Court has jurisdiction over portions of this action under 15 U.S.C. § 1679h(c)(1), which provides, in part: "In addition to such other remedies as are provided under State law, whenever the chief law enforcement officer of a State, or an official or agency designated by a State, has reason to believe that any person has violated or is violating [the Credit Repair Organizations Act], the State (A) may bring an action to enjoin such violation; (B) may bring an action on behalf of its residents to recover damages for which the person is liable to such residents ... as a result of the violation; and (C) in the case of any successful action ... shall be awarded the costs of the action and reasonable attorney fees as determined by the court."

4. As to the remaining portions of this action, this Court has jurisdiction under 28 U.S.C. § 1367(a), which provides, in part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), which provides, in part: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same district, (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...."

6. For purposes of this Consent Judgment, Defendant waives all objections and defenses that he may have to jurisdiction or venue, and shall not challenge the Court's jurisdiction in any subsequent action by the Attorney General to enforce the terms of this Consent Judgment.

### III. Parties

7. This Consent Judgment applies to and is binding upon the Attorney General and Matt Seibert, d/b/a MCS Credit Services, Inc., Credit Repair Services, and Arkansas Credit Education.

8. Any change in ownership or status of a party, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such parties' responsibilities under this Consent Judgment.

### IV. Facts

9. Since 2006 and perhaps earlier, Defendant has operated a credit repair business in Searcy, White County, Arkansas, under the names MCS Credit Services ("MCS"), Credit Repair Services ("CRS"), and Arkansas Credit Education ("ACE").

10. Defendant marketed and advertised credit repair services without clearly and conspicuously disclosing that accurate and non-obsolete credit history cannot be removed from a consumer's credit report.

11. Defendant represented that his credit repair services could enhance a consumer's credit worthiness and his or her ability to receive extensions of credit.

12.  Defendant charged, accepted, and received payment for credit repair services before the completion of such services. MCS Credit and Matt Seibert required up-front payment of between $475.00 to $675.00, depending on whether the consumers were single or a married couple. Some of the consumers did not make full payment of the charges incurred.

13.  On August 31, 2006, MCS Credit and Matt Seibert entered into an Assurance of Voluntary Compliance ("AVC" or "Assurance") with the State prohibiting him from engaging in the practices outlined above.

14.  Pursuant to the AVC, MCS Credit and Matt Seibert agreed to the payment of an additional twenty thousand dollars ($20,000.00) for civil penalties as authorized by Ark. Code Ann. § 4-88-113(a)(3); however, the imposition of this civil penalty was held in abeyance conditioned upon the compliance of MCS Credit and Seibert with the terms of the Assurance.

15.  After executing the AVC on August 31, 2006, Matt Seibert, doing business as MCS Credit, CRS, and ACE, continued to engage in the practices outlined above, thereby violating the terms of the Assurance.

16.  After entering the AVC, Defendant continued to market his credit repair services, through MCS Credit, CRS, and ACE, without clearly and conspicuously disclosing that accurate and non-obsolete credit information cannot be removed from a consumer's credit report.

17.  Defendant continued to represent, through radio and billboard ads, that his services could improve a person's credit history or his or her ability to receive extensions of credit.

18. Purporting to provide credit education through ACE, Defendant charged, accepted, and received payment for credit repair services before the services were completed.

19. Defendant admitted that the only change in his business practices since signing the AVC is that he now offers ACE in conjunction with the offer of credit repair services.

20. Defendant acknowledged, however, that payment for ACE is in the same amount as the direct payment for credit repair that he required prior to signing the AVC. Defendant further acknowledged that consumers were not required to take the credit education course prior to receiving credit education services and that no client has ever taken the education course in the entire period that it has been offered.

21. Defendant's customer files contain the records of 734 consumers who were charged between $475 and $675 for Defendant's credit repair services. The overwhelming majority of these files were for services provided after the AVC was entered into by Defendant.

22. The acts engaged in by Matt Seibert and his business entities breached the terms of the AVC and violated the protections afforded to consumers by the Credit Repair Organizations Act, the Prohibition Against Advance Fee Loan Brokerage Act, and the Arkansas Deceptive Trade Practices Act. The federal prohibited actions engaged in by Defendant includes, but is likely not limited to, violations of 15 U.S.C. § 1679b(a)(3), 15 U.S.C. § 1679b(b), and 15 U.S.C. § 1679f(b). The state prohibited actions engaged in by Defendant includes, but is likely not limited to, violations of ARK. CODE ANN. § 23-39-404(1) and ARK. CODE ANN. § 4-88-108.

## V. The Parties' Position

23. In order to avoid the expense of continued litigation, the Parties desire to resolve this matter through a Consent Judgment.

24. Defendant admits that he is liable for the acts outlined above and as more specifically set forth in the State's Complaint. Defendant is entering into this Consent Judgment solely for the purpose of resolving this litigation.

## VI. Injunctive Relief

25. This Consent Judgment is intended to prohibit Defendant from engaging in any type or form of credit repair, credit counseling, or credit education within the State of Arkansas. Accordingly, Defendant shall, following the entry of this judgment, be permanently restrained and enjoined from engaging or entering into any credit repair, credit counseling, or credit education activities, including the following:

   a. advertisement or solicitation of credit repair, credit counseling, or credit education customers;

   b. advertising for credit-related services of any kind; continuing any current operations of MCS Credit Services, Inc., Credit Repair Services, or Arkansas Credit Education, under any name, whether currently being used or not, including but not limited to: disputing or contesting clients' credit histories, providing assurances to consumers regarding credit worthiness and ability to receive extensions of credit, making misleading statements and omitting material facts in connection with offering to assist consumers in obtaining credit, accepting advance payment for credit repair or

    credit education services, and any other business operations of MCS, CRS, or ACE;

  c. charging, accepting, or receiving payment from Arkansas consumers for any credit repair or credit education services; and

26. Defendant is permanently restrained and enjoined from operating a credit repair, credit counseling, or credit education business in Arkansas under any other name to avoid the terms of this Consent Judgment.

27. Defendant is permanently restrained and enjoined from violating the terms of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.*, the Prohibition of Advance Fee Brokerage Act, ARK. CODE ANN. §§ 23-39-401, *et seq.*, and the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. §§ 4-88-101, *et seq.*

## VII. Other Terms

28. All outstanding contracts for credit repair or education services which were entered into with Arkansas consumers are immediately cancelled. Furthermore, Defendant shall take no action to attempt to enforce any such obligation, or to collect any sums which might arguably be due pursuant to such contracts.

## VIII. Monetary Relief

29. Defendant consents to judgment against him in the sum of $20,000 (twenty thousand dollars) in civil penalties for failure to comply with the terms of the AVC.

30. Defendant shall forfeit to the State $330,300.00. This penalty is derived from a review of customer records obtained during this action. Defendant charged 734 consumers for services which violated the law and the penalty herein assesses $450 for

each identified consumer. Defendant acknowledges that the actual number of affected consumers is likely greater than 734 due to his lack of retention of customer records prior to 2008.

31.    Defendant consents to additional civil penalties in the amount of $127,000.00.

32.    Defendant consents to judgment in a total amount of $477,100.00.

33.    Any money received from Defendant shall first be applied to the forfeiture award before being considered for civil penalties or attorney's fees and costs. The Attorney General shall use reasonable efforts to locate any affected consumers and distribute money from the forfeited funds collected from Defendant to such consumers at the discretion of the Attorney General. Any funds remaining after the completion of the State's good faith efforts to distribute money to affected consumers shall be deposited in the Attorney General's Consumer Education and Enforcement Fund to be held in trust for uses directly related to the Attorney General's continued consumer protection efforts.

### IX.    General Provisions

34.    This Consent Judgment constitutes the entire agreement of the parties. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or which in any way restrict this Consent Judgment, and that any and all prior agreements or understandings within the subject matter of this Consent Judgment are, upon the effective date of the Consent Judgment, superseded, null and void.

35.    This Consent Judgment resolves and releases all civil claims, causes of action, or proceedings which were or could have been asserted by the Attorney General against Defendants for those practices alleged within its Complaint. Nothing within this

Consent Judgment, however, precludes the Attorney General from instituting any cause of action against any party not a signatory to this Consent Judgment, including the wife of Matt Seibert, who, upon information and belief, has been actively involved in the credit repair activities of Matt Seibert and MCS. Nor shall this Consent Judgment limit, in any way, the authority of the Attorney General to conduct such investigations as he deems advisable or to bring any enforcement action regarding alleged violations of law which were unrelated to its Complaint, or which occurred after the date of this Consent Judgment. The Attorney General is empowered to seek enforcement of any and all sections of this Consent Judgment by appropriate action with this Court.

36. Nothing in this Consent Judgment shall be construed to deprive any person or entity not a signatory to this Consent Judgment of any private right of action of any kind whatsoever, nor shall this Consent Judgment be construed to create any private right of action for any person or entity not a signatory hereto.

37. Nothing in this Consent Judgment shall be construed as the endorsement of or acquiescence in, any trade practices of the Defendants, past, current, or future; and, the Defendants shall make no representations to the contrary.

38. This Consent Judgment will be construed and enforced under the laws of the State of Arkansas.

**FOR THE ATTORNEY GENERAL:**

*[signature]*

Peggy Johnson, Ark. Bar. No. 92223
Assistant Attorney General

**FOR MATT SEIBERT:**

*[signature]*

Matt Seibert

**SO ORDERED:**

Dated: *March 23, 2011*

*[signature]*

Honorable Susan Weber Wright
United States District Court Judge

*PREPARED BY*:
Peggy Johnson, Ark. Bar No. 92223
Assistant Attorney General
Office of the Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201